## 246

30 C.C.P.A.(Patents)

### In re TAYLOR.
#### Patent Appeal No. 4701.

Court of Customs and Patent Appeals.

May 3, 1943.

R. J. Eisinger, of Philadelphia, Pa. (Roy N. Envall, of Philadelphia, Pa., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

GARRETT, Presiding Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming that of the examiner rejecting all the claims of appellant's application for patent relating to a dust bag for suction cleaners.

The status of the case as it is presented to the court is somewhat unusual.

The first Patent Office action upon the application appearing of record is stated in "Letter of Examiner, March 20, 1940." It appears from this that the application then embraced 8 claims, numbered 1 to 8, inclusive. It is surmised from a statement in the letter, "Additional references cited," that there had been some previous action. In the action of March 20, 1940, all the claims were rejected upon, or in view of, prior art, and the concluding paragraph of the letter stated: "The claims are all rejected and, in view of the state of the art and the simplicity of applicant's alleged invention, the number of claims is deemed to be excessive and should be radically reduced."

The second office action appearing in the record certified to us is stated in "Letter of Examiner, January 29, 1941." Therein is is stated "Claim 5 has been canceled" and, in substance, that the other claims had been reconsidered and again rejected, the rejection being made final.

Appeal to the board was taken July 28, 1941, as to claims 1 to 4, inclusive, and 6, 7, and 8.

In his statement following the appeal to the board, the examiner quoted all the appealed claims (nothing being said concerning the matter of multiplicity) and cited the following references: Willis, 1,-753,458, April 8, 1930; White, 1,952,900, March 27, 1934; White, 1,787,224, December 30, 1930; Orr, 1,953,189, April 3, 1934; Mills, 1,251,404, December 25, 1917.

The examiner discussed claim 1 separately, stated his reasons for rejecting it, and then grouped the other claims and stated that they are "deemed to present nothing patentable over the references as applied to claim 1, especially, in view of either of the patents to White * * *."

In its decision the board quoted claim 3 as illustrative, described the device to which the claims relate and the disclosures of the features of the references which it regarded as pertinent. No one of the claims was analyzed or specifically discussed by the board but, after the recital of the features of the references, its decision states: "We find no error in the examiner's conclusions and application of the citations to the respective claims as set forth in the examiner's answer."

The petition of appeal to us included all the claims which were before the board and the reasons of appeal referred to each of them by number, but the second paragraph of appellant's brief filed before us reads: "In order to facilitate consideration of the appeal by the Court, only Claims 6, 7 and 8 will be urged, and the appeal as to Claims 1 to 4 may be dismissed."

In the brief filed by the Solicitor for the Patent Office before us subsequent to the filing of appellant's brief there was no reference to the dismissal so made, and the discussion in the solicitor's brief applies, in a general way, to all the claims. So, the only claims now before us for consideration are claims which have not been discussed by the tribunals or repre-

sentatives of the Patent Office, except such notice as the examiner gave them when grouped with other claims not now before us for consideration.

Ordinarily, when an appellant dismisses his appeal as to a claim included in his petition of appeal to us we have no occasion to give such claim any attention, but in the instant case, by reason of the record showing above stated, it does not appear possible intelligently to discuss claims 6, 7, and 8 (the only ones before us) without some consideration of claim 1, even though (the appeal to it being dismissed) we could not allow claim 1 should we find ourselves in disagreement with the decision rejecting it. Also, the only reason of appeal applicable to claims 6, 7, and 8 necessitates reference to claim 1. That reason of appeal reads: "(5) The Board of Appeals erred in holding that the subject matter of Claims 2, 3, 4, 6, 7, and 8 does not constitute invention over the aforesaid patents [Mills, Orr and Willis referred to in reasons of appeal 3 and 4] applied to Claim 1 in view of either Patent No. 1,787,224 or Patent No. 1,952,900 of White."

We, therefore, quote claim 1, not for the purpose of passing upon its patentability, but for the purpose of comparison made necessary for the reasons stated. It reads: "1. A dust bag for a suction cleaner, said bag including an opening for discharging the collected litter and defined by end portions of the sides of the bag which are foldable to close the opening, a clip for maintaining the sides folded and first and second tabs disposed on opposed sides of the bag for substantially shrouding the clip in the closed position of the bag and for supporting an end of the bag during operation of the cleaner."

The invention claimed by appellant is stated in its brief to be set forth in claim 8 which reads: "8. A dust bag for a suction cleaner, said dust bag being made of a suitable air filtering material having an opening for discharge of material collected in the bag, the edge portions adjacent said opening being adapted to be folded against each other to close the opening, means providing a substantially dust-tight closure comprising a metal clip for holding said edge portions against each other in such folded position, tabs attached to said bag on opposite sides of said opening, said tabs being adapted to be extended over and sufficiently cover said clip to protect against scratching of furniture by said clip, said tabs also being adapted to be extended laterally from said bag when the latter is positioned for emptying, whereby the operator by standing on the tabs maintains said edge portions in sealed relation with the surface upon which the bag is emptied."

After quoting the claim his brief states, in substance, that the tabs referred to in the claim may also be used for the purpose of supporting the bag upon the handle of the vacuum cleaner when provided with eyelets (as described in claim 6 and by implication included in claim 7) engaged by a hook carried by the handle.

Comparison of claim 8 (and the limitations so described with respect to claims 6 and 7) with claim 1 discloses that there is no substantial difference. In considering claims 6, 7, and 8, therefore, we take into account the reasons given for rejecting claim 1.

The device involved is tersely, but sufficiently, described in the brief of the Solicitor for the Patent Office as follows: "The application here involved * * * relates to a dust bag for a vacuum cleaner, and especially to the construction of the upper end thereof. The side walls of this open upper end are adapted to be folded flat, to close the opening, and a tab is provided on each of the two sides which remain flat during this folding. These tabs extend beyond the end of the bag and are adapted to pass around a clip which holds the folded sides in place, and to support the end of the bag from a hook on the handle of the vacuum cleaner. When the bag is inverted in emptying it, the operator may place a foot on each of these tabs in order to hold the mouth of the bag down and prevent the escape of dust."

The patent to Mills is for a bag, or container, for bathing suits. It discloses side walls, the upper parts of which are adapted to be folded to close the opening, fastening means in the form of clips being provided at the top for securing together the two sides which remain flat. A tab is attached to each of the sides and the tabs pass up around the fastening means to form a handle.

The patent to Willis is for a vacuum cleaner dust bag. It, apparently, was cited because of its disclosure of a dust bag, the upper end of which may be folded to closed position and held in such position by a clip supported from the handle of the cleaner.

The White patents, entitled "Suction Cleaner," also disclose dust bags having the feature present in the Willis patent, and in addition disclose tabs on the side walls adjacent the end of the bag upon which, it is stated, the operator of the cleaner may stand in order to hold the mouth of the bag during the process of emptying it.

The Orr patent (for vacuum cleaner dust bag) likewise discloses the feature noted in the Willis patent and in addition shows a flap sewed to one side of the bag adapted to be folded over the clip by which the sides of the upper end of the bag are held together when in closed position, and fastened to the other side by means of a snap fastener. It is shown as an eyelet fastener. It is stated, in substance, in the specification of the Orr patent that the flap arrangement described prevents the metal parts which are about the opening end of the bag from coming in contact with and scratching furniture and other articles while the cleaner is being operated.

Appellant concedes the presence in the prior art of the features described.

It is apparent that when claim 8, supra, is compared with those disclosures, the claim does not contain any basic feature which the prior art failed to show and the same is true of claims 6 and 7, although certain structural differences are shown.

Due attention has been given to the explanations set forth in appellant's brief respecting those structural differences. In our opinion, the modification of the prior art made by appellant involved nothing more than mechanical skill. Near its end the brief states: "The structure covered by the claims is very simple, and it may be a little hard to see invention in simply providing two tabs on a vacuum cleaner dust bag. However, this is just the merit of the invention. By the provision of two inexpensive cloth tabs or flaps, the appellant has been able to provide both protection against scratching of furniture, and at the same time he has provided means for holding the discharge end of the bag for emptying. Contrast this, in the prior art, with the metal frame members of either of the White patents added to the flap shown in the Orr patent. It is submitted that the achievement of both of these functions by a means that is so much simpler and less expensive represents a real advance in the art."

In view of the prior art, it is, for us, "a little hard to see invention in simply providing two tabs on a vacuum cleaner dust bag." In fact, we are unable to "see" any invention in it. If, as appellant suggests, his modifications represent "a real advance in the art," they are, in our opinion, an advance involving mechanical skill only, and not an "advance" which is of a patentable character.

The appeal as to claims 1 to 4, inclusive, is dismissed and the decision of the board as to claims 6, 7, and 8 is affirmed.

Affirmed.